IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JESUS BACA AND** | § | |
| **MARGARITA BACA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | **JURY DEMANDED** |
| **PROPERTY INSURANCE COMPANY** | § | |
| **AND TANYA VEGA** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.
### BACKGROUND

Petitioner is a Defendant in a civil action now pending in the 389th District Court of Hidalgo County, Texas, Cause Number C-3779-16-B, styled *Jesus Baca and Margarita Baca v. Allstate Vehicle and Property Insurance Company and Tanya Vega,* wherein Plaintiffs seek monetary relief for property damage, and alleged violations of the Texas Insurance Code, including violations of the Prompt Payment of Claims Act and Unfair Settlement Practices, as well as claims for breach of the duty of good faith and fair dealing and fraud.

### II.
### BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendants are diverse in citizenship from the

Plaintiffs.

## III.
## DIVERSITY IN CITIZENSHIP

**Jesus & Margarita Baca**

The Plaintiffs, Jesus Baca and Margarita Baca, are domiciled in Hidalgo County, in the State of Texas, and were domiciled there at the time this action was commenced. Plaintiffs were at that time and are now citizens of the State of Texas.

**Allstate Vehicle and Property Insurance Company**

Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

**Tanya Vega**

Although Defendant Tanya Vega is a Texas resident, she has been "fraudulently" joined in this action. Plaintiffs have not asserted any valid claims against her and have joined her in this lawsuit solely in an effort to defeat diversity. Courts recognize an exception to the complete diversity rule where a defendant has been improperly joined in an action.[1] Because she has been improperly joined, Ms. Vega's residency should be disregarded for purposes of evaluating diversity jurisdiction.

## IV.
## IMPROPER JOINDER OF TANY VEGA

The doctrine of improper joinder ensures that the presence of an improperly joined, non-

---

[1] *Hornbuckle v. State farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Smallwood v. Illinois Cent. R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

diverse defendant does not defeat federal removal jurisdiction premised on diversity.[2] A court may ignore an improperly joined non-diverse defendant when determining its subject matter jurisdiction.[3] Improper joinder may be established by (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[4] The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant."[5] Courts evaluate the sufficiency of the pleadings against non-diverse parties under the federal pleading standards.[6]

The Plaintiffs' pleadings show that Defendant Vega has been fraudulently joined in this action. Plaintiffs have not set forth any specific factual allegations regarding Tanya Vega, her involvement or actions in this claim. Plaintiffs have not set forth any conduct of Vega separate and apart from Defendant Allstate upon which to predict a plausible right to recovery by the Plaintiffs. In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer.[7] The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.[8]

Plaintiffs' conclusory claims against Tanya Vega are insufficient to establish the possibility

---

[2] *Borden v. Allstate,* 589 F.3d 168, 171 (5th Cir. 2009).
[3] *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 572 (5th Cir. 2004).
[4] *Id.; See also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.* No. H-09-1728 WL360243, *3 (S.D. Tex. Oct. 27, 2009).
[5] *Smallwood* at 574.
[6] *Int'l Energy Ventures Mgmt, LLC v. United Energy Grp. Ltd.* 818 F.3d 193, 208 (5th Cir. 2016)
[7] *Okenkpu v. Allstate Texas Lloyds,* 2012 WL 1038678 (S.D. Tex. March 27, 2012); *Centro Crisitano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* 2011 WL 240335, *14 (S.D. Tex. Jan 20, 2011) *McLelland v. Chubb Lloyds' Insurace Company of Texas,* 2016 WL 5791206 (W.D. Tex. Sept. 30, 2016); *Lopez v. United Property & Casualty Insurance Company* 197 F. Supp. 3d 944 (S.D. Tex. 2016)
[8] *Waters v. State Farm Mut. Auto. Ins. Co.* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

of recovery against her in her individual capacity. Plaintiff's general and global allegations about the conduct of "Defendants" with regard to every single alleged cause of action set forth at paragraphs 23 – 31 of Plaintiff's Original petition are not sufficient to provide fair notice to Defendant Vega of a plausible claim against her under the applicable federal 12(b)(6) pleading standards.[9] Rather, as explained by the court in Plascencia "merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant[10]. Accordingly, the court should give no effect to plaintiff's generic global allegations directed toward "Defendants" and should conclude that such allegations fail to state an actionable claim with respect to Vega and do not support her joinder as a defendant in this case.

Based upon the allegations in the Plaintiffs' live pleading there is no reasonable basis for predicting that Texas law will impose liability on Vega for Plaintiffs' insurance code violation claims, fraud, or conspiracy to commit fraud, or that Plaintiffs can establish a cause of action against her in state court. Vega has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court and her citizenship should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendant.

### Diversity of Citizenship Exists

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff. The only proper Defendant, Allstate Vehicle and Property Insurance Company, is not a citizen of the State of Texas; and Tanya Vega has been fraudulently joined or fraudulently misjoined.

---

[9] In addition, the type of generic boilerplate allegations alleged against Vega in this case are identical to the generic allegations against individual adjuster in numerous other lawsuits being filed as a result of storm claims against insurance carriers.

[10] *Plascemcia v. State Farm Lloyds and Felciano Gallegaos (citing Snider v. State Farm Lloys 2014 WL 234352 at *4)*
S:\McAllen\April Burner\FEDERAL COURT\38611 Jesus Baca (Lawrence)\Ntc of Removal.doc

Accordingly, diversity of citizenship exists among the parties.

### IV.

### AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs' Original Petition seeks monetary damages of no more than $75,000.00. See Plaintiffs' Original Petition Paragraph 55. Should Plaintiffs prevail on the claims against Defendants stated in the Plaintiffs' Original Petition, attached to this Notice, Plaintiffs would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of $160,466.00, other structure limits of $8,024.00 and contents coverage of $48,140.00. See declarations page attached as Exhibit A. Additionally, prior to litigation, Plaintiffs submitted an estimate totaling $37,634.30. See attached Exhibit B. This estimate, along with Plaintiffs' claims in the lawsuit for attorney's fees, penalties and treble damages would entitle them to relief in excess of $75,000.00  In addition to policy benefits, Plaintiffs seek statutory damages, extra-contractual damages, exemplary damages and attorney's fees. Accordingly, considering all damages Plaintiffs would be entitled to, should they prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

### V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiffs and Defendants are diverse in citizenship and the amount in controversy exceeds $75,000.00.

### VI.

This notice of removal is being filed within thirty (30) days after receipt by Petitioners of

Plaintiffs' Original Petition, which was the first notice to Defendants of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b). All properly joined and served Defendants consent to this removal.

## VII.

Petitioners' time to answer or remove with respect to the Plaintiffs' Original Petition has not expired. Plaintiffs' Original Petition was served on the Defendant Allstate Vehicle and Property Insurance Company on February 27, 2017.

## VIII.

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioners, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the 389th District Court, Hidalgo County, Texas to this Court, on this 29th day of March 2017.

Respectfully submitted,

BY:   /s/ *Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval
Attorney-in-charge
State Bar #04709300
Federal ID #13738
Elizabeth Ferguson Herrera
State Bar #24087716
Federal ID #2877535

Of Counsel
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street

                    McAllen, Texas   78504
                    (956) 393-6300
                    (956) 386-1625 (Fax)

                    ATTORNEYS FOR DEFENDANT

## **VERIFICATION**

THE STATE OF TEXAS :

COUNTY OF HIDALGO :

I, ROSEMARY CONRAD-SANDOVAL being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ROSEMARY CONRAD-SANDOVAL

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 29th day of March, 2017 to certify which witness my hand and seal of office.

APRIL BURNER
NOTARY PUBLIC
State of Texas
Comm. Exp. 03/30/2017

_____
Notary Public, State of Texas

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703

Dan Cartwright
Lory Sopchack
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056

on this 29th day of March, 2017.

                                              /s/ *Rosemary Conrad-Sandoval*
                                              ROSEMARY CONRAD-SANDOVAL